**Richard STUMBO, Plaintiff,**

v.

**DYNCORP TECHNOLOGY SERVICES, INC.,**
Defendant.

**No. 5:00CV0007.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Jan. 20, 2001.

Thomas Moore Lawson, Ann Kiley Crenshaw, Deborah M. Chandler, Lawson and Silek, PLC, Winchester, VA, for plaintiff.

Michelle L. Bodley, Steven W. Ray, Ray & Isler, PC, Vienna, VA, for defendant.

## MEMORANDUM OPINION

Kiser, Senior District Judge.

In 1990, Plaintiff Richard Stumbo ("Stumbo") retired from his twenty-one

year employment as a police officer. A year later, Stumbo was diagnosed with high blood pressure, which has since been treated with medication without incident. Stumbo has experienced no physical limitations due to his high blood pressure. Over the past decade, he has held an assortment of investigative and / or security positions around the world. These positions have often been quite strenuous, frequently requiring Stumbo to work between fourteen and sixteen-hour days for months at a time.

In early–1996, Defendant Dyncorp Technology Services, Inc.[1] ("Dyncorp") secured a contract with the U.S. Department of State to provide International Police Monitors ("IPMs") in Bosnia as part of United Nations operations in that region. The United Nations, not Dyncorp, determined both the geographic region to which an IPM would be assigned and the duties he would perform. In Bosnia, the terrain is mountainous; obtaining transportation is difficult; the availability of running water, refrigeration, and electricity are erratic; and food supplies are limited.

In April 1996, Stumbo submitted a resume to Dyncorp in reference to the IPM position. On August 12, 1996, Dyncorp conditionally accepted Stumbo's application, so long as he satisfactorily complete a medical examination and return various informational forms. Within a week, Stumbo had his physician, Dr. Mark Vickers ("Vickers"), perform a physical examination. On the medical examination form, Vickers classified Stumbo as "fit for all physical and manual duties" and prescribed Stumbo six months of medication for his hypertension.

As a course of practice, Dyncorp referred Stumbo's medical records to Peter McDougall ("McDougall"), Ph.D., for review of the medical examination. Dyncorp undertook this additional screening pro-

cess in response to questions from its employer regarding the physical fitness of the some of the IPMs. Although no additional examination was undertaken, Dr. McDougall concluded upon reviewing Stumbo's examination: "Overweight smoker on two hypertensive meds. Wouldn't recommend for strenuous work." After receiving this note, Dyncorp informed Stumbo on September 9, 1996 that he would not be hired as an IPM in Bosnia. In discovery, Dr. McDougall today contends that, if he were to re-examine Stumbo's application today, he would not make any comment regarding the hypertensive condition whatsoever.

Stumbo filed a Complaint with the Equal Employment Opportunity Commission in early–1997. On July 7, 1998, the EEOC issued its Determination. Plaintiff subsequently brought a suit under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), alleging three claims: that he was subjected to discrimination on the basis of disability, § 12102(2)(A); that Defendant improperly regarded him as disabled, § 12102(2)(C); and that Defendant failed to provide a reasonable accommodation for the hypertension, § 12112(b). Defendant has moved for summary judgment on all counts. In light of the recent guidance from the United States Supreme Court in *Sutton v. United Air Lines,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), and *Murphy v. United Parcel Serv.,* 527 U.S. 516, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999), I find for Defendant and grant the Motion in its entirety.

### Legal Standard

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). A genuine issue of a material fact exists "if the evidence is such that

---

1. The names of Defendant are rather slippery in this case. Plaintiff apparently names a fictitious entity in the Complaint and Defendant itself has changed its name in the past

few years. Regardless, the correct entity is Dyncorp Technology Services, which will be referred simply as "Dyncorp" throughout this opinion.

a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citations omitted), *cert. denied*, 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994); *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir.1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, then no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### Discussion

Each of Plaintiff's three claims is flawed. Turning to the first, the claim of disability under § 12102(2)(A), Plaintiff has the burden of proving that he possesses "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." § 12102(2)(A). Plaintiff's failure to make any such showing is fatal to his first claim.

■ In making this determination, I note that the facts and legal analysis of this matter are quite analogous to those in *Sutton*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450, and virtually identical to those in *Murphy*, 527 U.S. 516, 119 S.Ct. 2133, 144 L.Ed.2d 484. In *Murphy*, a hypertensive mechanic was dismissed from his job because of his high blood pressure. It is important to note that the hypertension of the Plaintiff in *Murphy*, just as that of the Plaintiff in this matter, was correctable via medication. In both *Murphy* and *Sutton*, the Court took into account the effect of "taking measures to correct for, or mitigate, a physical or mental impairment ... when judging whether that per-

son is 'substantially limited' in a major life activity and thus 'disabled' under the Act." *Id.* The Court in *Murphy* thus affirmed summary judgment because the correctably hypertensive Plaintiff was unable to prove as a matter of law that he "is substantially limited in one or more major life activities and thus disabled under the ADA." *Murphy*, 527 U.S. at 521, 119 S.Ct. 2133; *cf. Sutton*, 527 U.S. at 482, 119 S.Ct. 2139 (dealing with correctable myopia).

The clear indication from these cases is that Plaintiff Stumbo's claim under § 12102(2)(A) is unsustainable as a matter of law. In this case, Stumbo's hypertension is fully correctable; he is not precluded from any of life's major activities, not even working. Plaintiff adduces no evidence that he cannot participate in the major lifetime activity of working: he only demonstrates that he was not hired to be an IPM by Defendant. Indeed, he has had many different jobs related to security and protection while he has had the hypertensive condition. As such, I find that Plaintiff does not possess a disability as contemplated under § 12102(2)(A).

■ Turning to Plaintiff's second claim, that Defendant "regarded him as disable" in contravention of § 12102(2)(C), I find this issue also to be largely resolved by the opinions in *Murphy* and *Sutton*. To be regarded as substantially limited in the major life activity of working, Plaintiff must demonstrate that he is disabled and unable to perform a *class* of jobs. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *Murphy*, 527 U.S. at 523, 119 S.Ct. 2133. There is no evidence that Defendant did not regard Plaintiff as able to work in any such class of jobs—Dyncorp merely found Plaintiff unable to work as an IPM in the war-torn region of Bosnia.[2] Indeed, in oral argu-

---

2. Plaintiff contends that the proper class of jobs in his case is that of IPM. Much as the

Supreme Court did in *Murphy* and *Sutton*, I reject this exceedingly narrow classification.

ment, counsel for Dyncorp expressed to the Court the firm's confidence that Plaintiff would make a fine police monitor, policeman, security guard, and so forth in any region but Bosnia. Stumbo's employment history corroborates this finding, as he continued to participate in the field of security monitoring and police work for several years after his diagnosis with hypertension. As such, Plaintiff fails to demonstrate as a matter of law that Defendant regarded him as having a disability that limited him in any life activity. Accordingly, the claim under § 12102(2)(C) necessarily fails.

Lastly, Plaintiff's accommodation claim fails because he cannot demonstrate that he is "an otherwise qualified individual with a disability" under the ADA. Moreover, I cannot conceive of any reasonable manner by which Defendant could have accommodated the working conditions of Bosnia to the medical needs of the Plaintiff. *Myers v. Hose,* 50 F.3d 278, 280–82 (discussing the need for practicality in adapting work environments). In other words, Stumbo has not demonstrated any disability triggering the ADA's requirement of accommodation; nor has he shown any possible means of accommodation. As such, the failure to accommodate claim necessarily fails. *See Shiflett v. GE Fanuc Automation Corp.,* 960 F.Supp. 1022 (W.D.Va.1997).[3]

### Conclusion

Plaintiff's case fails legally in all regards. The initial problem is the lack of any disability under the ADA, as his condition is correctable via medication. Moreover, Plaintiff puts forth no evidence that

Defendant regarded him as substantially limited from a life activity. Lastly, Plaintiff shows no need, nor reasonable means, for accommodation by Defendant. As such, I grant Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.

The *Sutton* Court found global airline pilot not to constitute the proper class of job, but rather to be in the same classification as regional airline pilot and pilot instructor. *Sutton,* 527 U.S. at 493, 119 S.Ct. 2139. Similarly, the *Murphy* Court found mechanic to be in the same job classification as gas-engine repairer and gas-welding equipment mechanic, among others. *Murphy,* 527 U.S. at 524–25, 119 S.Ct. 2133. Following that prece-

dent, I find many other jobs, such as security monitoring and investigatory work, also to utilize Plaintiff's specialized skills.

**3.** I also note that the record indicates that Plaintiff also was apparently neglectful in requesting accommodation. *See* 29 C.F.R. § 1630.9; *Tangires v. The Johns Hopkins Hosp.,* 79 F.Supp.2d 587, 597 (D.Md.2000).